# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JEROME BAILEY,**

    **Plaintiff,**

**v.**          **CIVIL ACTION NO. 5:17cv102**
        **(Judge Stamp)**

**B. ICE,**

    **Defendant.**

## REPORT AND RECOMMENDATION

### Procedural History

Plaintiff initiated this action on July 3, 2017, by filing a complaint pursuant to Bivens v. Six Unknown Named Agents of the Bureau of Narcotics, 403 U.S. 388 (1971), a case in which the Supreme Court created a counterpart to 42 U.S.C. § 1983 and authorized suits against federal employees in their individual capacities. ECF No. 1. On July 5, 2018, Plaintiff was granted leave to proceed *in forma pauperis* [ECF No. 7], and on July 25, 2018, he paid the required initial partial filing fee. ECF No. 14. On October 16, 2017, an Order to Answer was entered. ECF No. 17. On December 18, 2017, Defendant filed a Motion to Dismiss. ECF No. 26. Although not required, a Roseboro Notice was issued on December 19, 2017. ECF No. 28. On January 2, 2018, Plaintiff filed a Motion to Proceed without Dismiss [ECF No. 31], which the undersigned construes as a response to Defendant's Motion to Dismiss. This case is before the undersigned for a Report and Recommendation on Defendant's Motion to Dismiss.

## Contentions of the Parties

A. Complaint

In his complaint, Plaintiff alleges that on November 16, 2015, while he was incarcerated at FCI Gilmer, which is located in Glenville, West Virginia, Defendant assaulted him in his cell causing him to injure his back and finger. Plaintiff alleged that he exhausted his administrative grievances. For relief, he seeks "money damages and punitive damages." ECF No. 1 at 9.

B. Motion to Dismiss

As grounds for dismissal, Defendant alleges that Plaintiff's complaint is untimely and seeks to impermissibly circumvent the applicable statute of limitations. In addition, Defendant alleges that Plaintiff is not entitled to have this Court equitably toll the statute of limitations because he failed to timely and properly pursue his administrative claim Finally, Defendant argues that Plaintiff did not diligently or promptly file this lawsuit until more than two years after he was allegedly injured and more than two years after he had pursued his administrative grievances at every level of the Federal Bureau of Prisons ("BOP") administrative grievance process.

C. Plaintiff's Response to the Motion

In his response to Defendants' motion, Plaintiff contends he fully exhausted his administrative grievances prior to filing this action and did so in a timely manner without being time barred.

## Legal Standard

A. Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the

applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)).  In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); See Also Martin at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley at 45-46.  In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly at 554-55. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003).  In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).  Thus, a well-

pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

Plaintiff is proceeding *pro se* and therefore the Court is required to liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520-1 (1972) (per curiam); Erikson v. Pardus, 551 U.S. 89, 94 (2007); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978). While *pro se* pleadings are held to a less stringent standard than those drafted by attorneys, Haines, 404 U.S. at 520, even under this less stringent standard, a *pro se* complaint is still subject to dismissal. Id. at 520-21. The mandated liberal construction means only that if the Court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). However, a court may not construct the plaintiff's legal arguments for her. Small v. Endicott, 998 F.2d 411 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274 (4th Cir. 1985). Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment. Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30 (1st Cir. 2001)(cited with approval in Witthohn v. Federal Ins. Co., 164 Fed. Appx. 395 (4th Cir. 2006) (unpublished)). There are, however, exceptions to the rule that a court may not consider any documents outside of the complaint. Specifically, a court may consider official public records, "documents incorporated into the complaint by reference, and matters of which the court may take

judicial notice," or sources "whose accuracy cannot reasonably be questioned." Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462 (4th Cir. 2011).

## Analysis

For purposes of determining the appropriate statute of limitations, claims filed pursuant to 42 U.S.C. § 1983 are analogous to "general personal injury actions." Wilson v. Garcia, 471 U.S. 261, 279 (1985). Therefore, there timeliness is determined based upon the relevant state limitations period for personal injury actions. Because Bivens is the federal equivalent of an action under § 1983, federal courts have consistently extended the state general injury statute of limitations to Bivens cases as well as § 1983 actions. See e.g., Chin v. Bowen, 833 F.2d 21, 23-24 (2d Cir. 1987). Moreover, the Fourth Circuit Court of Appeals has applied West Virginia's two year personal injury statute of limitations[1] to Bivens actions. See Reinhold v. Evers, 1987 F.3d 348, 359 n.10 (4th Cir. 1999). Under federal law, a cause of action accrues when the plaintiff "possesses sufficient fact about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim v. Warden. Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995).

In the instant case, Plaintiff specifically alleges that he was injured at FCI Gilmer, which is located in West Virginia, on November 16, 2014. ECF No. 1 at p.7. Plaintiff has not presented any information to suggest that he was not immediately aware of his alleged injury or legal claims. Therefore, absent some tolling event, Plaintiff had until November 16, 2016, to file a timely Bivens action. Because he did not file any legal action until May 12, 2017, when he filed a complaint in the Magistrate Court of Gilmer

---

[1] In West Virginia, a lawsuit alleging personal injury must be filed within two years after the alleged injury. W.Va. Code § 55-2-12.

5

County, West Virginia,[2] it would appear that Plaintiff's complaint is barred by the statute of limitations.

However, while a Bivens plaintiff pursues his administrative remedies, as he is obligated to do by the PLRA, the otherwise applicable statute of limitations is tolled. Young v. Thompson, No. 2:10cv66, 2011 WL 3297494 (N.D.W. Va. July 29, 2011) (citing Johnson v. Lappin, 2011 WL 560459 (S.D.W. Va. Jan. 6, 2011)).

The Federal Bureau of Prisons ("BOP") makes available to its inmates a three level remedy process if informal resolution fails to achieve sufficient results. See 28 C.F.R. § 542.10, et seq.  Within 20 calendar days of the date of the occurrence on which the complaint is based, an inmate may file a written complaint with the institution on the proper form which is known as a BP-9. See 28 C.F.R. § 542.14. If the inmate is not satisfied with the institutional Warden's response, he may appeal to the Regional Director within 20 calendar days of the Warden's response using a BP-10. See 28 C.F.R. § 542.15(a). Finally, if the prisoner has received no satisfaction, he may appeal to the Office of General Counsel by filing a BP-11 form within 30 days of the date the Regional Director signed the response.[3]  An inmate is not deemed to have exhausted

---

[2] The case was removed to federal court on May 20, 2017. See 3:17cv65. However, because the complaint was not on this Court's approved form, the Plaintiff was sent a Notice of Deficient Pleading and Intent to Dismiss, which advised him that his case would be dismissed in 30 days, and if he wished to pursue his action, he would be required to refile his complaint on the court-approved form. On July 3, 2017, Plaintiff refiled his complaint which was signed on June 23, 2017.

[3] "If accepted, a Request or Appeal is considered filed on the date it is logged into the Administrative Remedy Index as received.  Once filed, response shall be made by the Warden or CMM within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days...If the time period for response to a Request or Appeal is insufficient to make an appropriate decision, the time for response may be extended once by 20 days at the institutional level, 30 days at the regional level, or 20 days at the Central Office level. Staff shall inform the inmate of this extension in writing. Staff shall respond in writing to all filed Requests or Appeals.  If the inmate does not receive a response within the

his administrative remedies until he has filed his complaint at all levels. 28 C.F.R. § 542.10-542.15; Gibbs v. Bureau of Prison Office, FCI, 986 F.Supp. 941, 943 (D.Md. 1997).

The exhibits provided by Defendants, establish that Plaintiff filed a BP-9 at FCI Gilmer which alleged that he had been the victim of an "assault" by a BOP employee and sought to have C/O Ice reprimanded for said assault. ECF No. 27-1 at p. 16. Although signed on December 11, 2014, it was not stamped received by the Warden until January 20, 2015. On February 15, 2015, the Warden replied that the matter was being reviewed by the Special Investigator ("SIS"). Plaintiff was advised that the findings and outcome of that investigation would not be available to him, and if he wanted to appeal to the Regional Director, his appeal must be received within 20 calendar days. Id. at p. 17. The Plaintiff filed a BP-10 with the Regional Director, which was signed on February 18, 2015, and received on February 24, 2015. Id. at p. 14. The response, dated February 27, 2015, indicated that appropriate administrative procedures had been taken. Plaintiff was advised that if he was dissatisfied with the response, he could appeal to General Counsel, and his appeal had to be received within 30 days. Id. at p. 15. On March 15, 2015, Plaintiff signed a BP-11 which was received by General Counsel on March 23, 2015. By response dated April 20, 2015, Plaintiff was advised that the Warden and Regional Director adequately addressed his complaint. Id. at p. 12. There is no indication when the Plaintiff received this response.

On May 12, 2017, a summons was issued to Defendant Ice by the Magistrate Court in Gilmer County, West Virginia. The complaint which was attached, was signed

---

time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

by Plaintiff on February 23, 2017. As noted *supra*, the case was removed to this court on May 30, 2017, at which time Plaintiff was issued the Notice of Deficient Pleading and Intent to Dismiss. That case was subsequently dismissed when the instant action was filed on July 3, 2017.

Although Defendant alleges that Plaintiff failed to diligently or properly pursue administrative relief, the undersigned disagrees. Although his BP-9, which was signed and received more than 20 days after the alleged incident, could have been rejected as untimely, it was not. Instead, it was accepted, a response was issued, and Plaintiff was advised when his BP-10 was due if he was dissatisfied. Moreover, his BP-10 and BP-11 were both accepted. Because his administrative grievances were accepted, the undersigned finds that Plaintiff is entitled to equitable tolling for the time in which he was exhausting his administrative grievances.[4]

Although the BP-11 was closed on April 20, 2015, Defendant has provided no evidence as to when Plaintiff received the response. Therefore, the undersigned has no way of ascertaining when the two year statute of limitations actually began. Therefore, the civil action filed by Plaintiff in the Magistrate Court of Gilmer County, West Virginia on or about May 12, 2017,[5] may be timely on its face. However, the complaint was signed on February 23, 2017, which was well within the two years of the closing of his administrative grievance. Defendant has offered no evidence to refute the mailbox rule, and therefore, it must be assumed that the complaint was "filed" on that date, making that initial complaint timely.

---

[4] In fact, Defendant seemingly acknowledges that Plaintiff exhausted his administrative grievance on April 20, 2015. ECF No. 27 at p. 8.

[5] Although the summons was issued on May 12, 2017, it is unclear what date the complaint was actually filed.

Finally, the undersigned notes that it was would be inequitable not to deem the instant action filed when his case was presented in the Magistrate Court of Gilmer County and subsequently removed o this Court. The fact that Plaintiff's complaint was not on this Court's approved form, and was therefore subject to dismissal under this Court's general practices, would be an abuse of discretion. Instead, although not filed until July 3, 2017, the instant action should be deemed filed on February 23, 2017, and therefore, filed within the two years statute of limitations as discussed above.

## RECOMMENDATION

For the reasons stated above, it is hereby **RECOMMENDED** that Defendant's Motion to Dismiss or, in the alternative, Motion for Summary Judgment [ECF No. 26] be **DENIED**, and he be directed to file an answer or other responsive pleading within 30 days of the Order adopting this Report and Recommendation.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record by electronic means.

DATED: July 30, 2018

*/s/ James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE