IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JEROME BAILEY,

    Plaintiff,

v.                                 Civil Action No. 5:17CV102
                                           (STAMP)

B. ICE,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DECLINING TO ADOPT AND AFFIRM MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION,
SUSTAINING DEFENDANT'S OBJECTIONS,
AND GRANTING DEFENDANT'S MOTION DISMISS**

The pro se[1] plaintiff, Jerome Bailey, filed this civil action asserting claims under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). ECF No. 1. In his complaint, the plaintiff alleges that on November 16, 2015, while he was incarcerated at FCI Gilmer in Glenville, West Virginia, Officer Ice "assaulted [him] by pushing [him] in his cell causing [him] to injure his back and finger." ECF No. 1 at 7. For relief, he seeks "money damages and punitive damages." ECF No. 1 at 9. Plaintiff alleged that he exhausted his administrative grievances. ECF Nos. 1-2, 1-3.

The defendant filed a motion to dismiss. ECF No. 26. The defendant argues that the plaintiff is precluded from bringing his

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

claims because the complaint is untimely and seeks to circumvent the applicable statute of limitations. ECF No. 27 at 1. Under West Virginia Code § 55-2-12, a lawsuit alleging personal injury must be filed within two years after the purported injury. Id. at 4. Here, the defendant contends that the plaintiff failed to file his complaint until after the two-year personal injury statute of limitations expired. Id. at 4. Further, the defendant contends that the plaintiff is not entitled to equitable tolling of the applicable statute of limitations, because the plaintiff failed to exhaust his administrative remedies through the Federal Bureau of Prisons ("BOP") in a timely fashion. Id. at 7. Under the Prison Litigation Reform Act, an inmate must exhaust administrative remedies before filing a Bivens lawsuit. Id. at 6 (citing Porter v. Nussle, 534 U.S. 516, 524-32 (2002)). Here, the defendant contends that the plaintiff's administrative grievances relating to the events giving rise to this suit were late and improperly filed. Id. at 7.

The plaintiff filed a response to the motion to dismiss. ECF No. 31. In response, the plaintiff argues that he fully exhausted his administrative grievances before filing the action and did so in a timely manner. ECF No. 31 at 1-3.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule of Prisoner Litigation 2, this case was referred to United States Magistrate Judge James E. Seibert. The magistrate judge entered a

report and recommendation. ECF No. 34. In that recommendation, the magistrate judge recommended that the defendant's motion to dismiss be denied and he be directed to file an answer or other responsive pleading within 30 days. Id. at 9.

First, the magistrate judge found the plaintiff diligently or properly pursued administrative relief and is therefore entitled to equitable tolling. Id. at 8. The magistrate judge found that although his complaint (BP-9) was signed and received more than 20 days after the alleged incident, and could have been rejected as untimely, it was not rejected. Id. at 8. Rather, it was accepted and his appeals (BP-10 and BP-11) were both accepted. Id.

Second, the magistrate judge found that the defendant has provided no evidence as to when the plaintiff received a response, and that therefore there was no way of ascertaining when the two-year statute of limitations began. Id. at 8. The magistrate judge found that the mailbox rule applies and so it "must be assumed that the complaint was 'filed' on that date, making the initial complaint timely." Id. at 8. The magistrate judge concluded that the original complaint should be considered to be filed with the state court on the date when plaintiff purportedly signed the original complaint. Id. at 7-8.

Lastly, the magistrate judge found that it would be inequitable not to deem the action as filed when his case was presented in the Circuit Court of Gilmer County and later removed

to the United States District Court for the Northern District of West Virginia. Id. at 9. Specifically, the magistrate judge found that it would be an abuse of discretion to dismiss the complaint because it was not on an approved form and mailed to a state court initially. Id.

The defendant timely filed objections. ECF No. 36. First, the defendant argues that the plaintiff untimely filed the lawsuit and that equitable doctrines are inapplicable. Id. at 3. The defendant argues that plaintiff should not be able to capitalize on equitable tolling to excuse his own mistake of filing a Bivens action in state court rather than federal court. Id. at 6. The defendant contends that even if the original complaint was filed in state court when he purportedly signed it, the document was not signed until after the statute of limitations expired. Id. Further, the defendant argues that the plaintiff failed to timely file his administrative grievances in compliance with federal regulations and that the BOP responded to these untimely grievances for informational purposes only. Id. at 7. "[Plaintiff] has not alleged or established that Defendant B. Ice . . . somehow deliberately caused [plaintiff] to file late administrative grievances." Id. Finally, the defendant asserts that even if the statute of limitations is tolled, it would only be tolled for 90 days and the statute of limitations would still expire before the

earliest possible date that the magistrate judge would consider the lawsuit filed under the mailbox rule. Id. at 8.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the defendant filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which objections were made. As to those findings to which objections were not filed, the findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III. Discussion

Because the defendant filed objections to the report and recommendation, this Court reviews the magistrate judge's recommendation de novo as to those findings to which objections were made.

For the reasons stated below, this Court declines to adopt and affirm the report and recommendation of the magistrate judge in its entirety (ECF No. 34), sustains the defendant's objections (ECF No. 36), and grants the defendant's motion to dismiss (ECF No. 26).

A. Equitable Tolling Doctrine

The defendant asserts that the applicable statute of limitations bars the plaintiff's lawsuit. ECF No. 36 at 3. A

5

Bivens lawsuit must be filed within the applicable personal injury statute of limitations in the state where the injury occurred. ECF No. 27 at 3-4 (citing Noll v. Getty, 995 F.2d 1063 n.2 (4th Cir. 1993) (per curiam) (unpublished) (citing Kreines v. United States, 959 F.2d 834, 836 (9th Cir. 1992))). Since the plaintiff alleges his injury occurred in West Virginia, his lawsuit must have been filed within two years after his alleged injury. W. Va. Code § 55-2-12.

The plaintiff purports that he was injured on November 16, 2014. ECF No. 1 at 7. His legal claim accrued on that same date, and without tolling, the plaintiff's deadline to file a timely Bivens lawsuit was November 16, 2016. However, the plaintiff filed his Bivens lawsuit in the Magistrate Court of Gilmer County, West Virginia on May 12, 2017–more than two years after his claim accrued. ECF Nos. 1 and 17. His complaint was removed to this Court on May 30, 2017 and he was instructed to resubmit his complaint on this Court's requisite approved form, ultimately filing this lawsuit on July 3, 2017. Id. The plaintiff untimely filed this lawsuit.

Since the Prison Litigation Reform Act ("PLRA") governs the plaintiff's claims, he was required to exhaust all administrative remedies prior to challenging prison conditions in a lawsuit. 42 U.S.C. § 1997e(a); see Young v. Thompson, No. 2:10-cv-66, 2011 WL 3297493, at *4 (N.D. W. Va. July 29, 2011). In limited

6

circumstances, this Court is empowered to equitably toll the applicable statute of limitations while a federal inmate exhausts administrative remedies. Id. The doctrine of equitable tolling has been applied in two circumstances: (1) when the plaintiff is prevented from asserting his claim due to wrongful conduct by the defendant; and (2) when there are extraordinary circumstances beyond the plaintiff's control that made it impossible to timely file the claim(s). Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) (citing Alvarez-Machain v. United States, 107 F.3d 696, 700 (9th Cir. 1996)). "[A]ny resort to equity must be reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id. More specifically, a pro se prisoner is not excused for failure to timely file a claim due to his own mistake, ignorance of the law, or lack or legal resources. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (citing United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002); Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003)). Stated differently, a pro se petitioner's "misconception about the operation of the statute of limitations is neither extraordinary nor a circumstance external to his control." Id.

The BOP's administrative grievance process allows an inmate to resolve his complaint informally by filing a written complaint to

7

the Warden on a Form BP-9 within 20 days of the alleged misconduct. 28 C.F.R. § 542.14(a). An inmate may also appeal a decision by using a Form BP-10 to the appropriate BOP Regional Director within 20 days of the Warden's response. 28 C.F.R. § 542.15(a). Lastly, the BOP administrative process allows an inmate to appeal the Regional Director's decision to the BOP General Counsel using a Form BP-11 within 30 days of the Regional Director's response. Id. The plaintiff was allegedly injured on November 16, 2014, but he filed his first administrative grievance related to the alleged injury that he is challenging in this lawsuit on January 20, 2015. ECF No. 1 and Ex. 1, Wahl Decl. Attach. A, Bailey Administrative Remedy History at Page 4 (Remedy ID 807700-F1 "REMEDY ID," "RCV OFC," and "DATE RCV" sections). The plaintiff did not present his initial formal administrative grievance until after the deadline under applicable federal regulations expired. Moreover, although the final level of the BOP administrative process closed the plaintiff's administrative grievance on April 20, 2015, the plaintiff waited until May 2017 to file this lawsuit. ECF No. 1 and Ex. 1, Wahl Decl. Attach. A, Bailey Administrative Remedy History at Page 5 (Remedy ID 807700-A1 "REMEDY ID," "RCV OFC," "STATUS DATE," and "STATUS CODE" sections).

This Court has conducted a de novo review of the record, and finds that the defendant's objection has merit. Specifically, the plaintiff has failed to demonstrate that he pursued his rights

diligently, or has presented facts to show that anyone or anything caused him to miss the applicable deadline, or that there was any extraordinary circumstance sufficient to support his argument that the limitations period should be equitably tolled. Accordingly, this Court finds that the plaintiff is not entitled to equitable tolling of his claim.

B. Prison Mailbox Rule

In his objections, the defendant argues that the prison mailbox rule should not apply to toll the statute of limitations with respect to the plaintiff's original complaint filed in state court, because the plaintiff should not be able to "capitalize on equitable tolling to excuse his own mistake, ignorance of the law, or lack of legal resources." ECF No. 36 at 6. The defendant also contends that even if the plaintiff's original complaint was filed in state court on February 23, 2017, the document was not signed until after the statute of limitations expired on November 16, 2016. Id.

In its de novo review of whether the prison mailbox rule should apply to toll the statute of limitations, this Court finds that the rule should not apply to toll the statute of limitations. Under the prison mailbox rule, the date of filing is the date an inmate delivers a legal document to prison officials for mailing to the clerk of court. Djenasevic v. U.S. Dep't of Justice, 604 F. App'x 328 (4th Cir. 2015) (per curiam) (unpublished)). The

9

magistrate judge found that the prison mailbox rule should apply and that the original complaint should be considered to be filed with the state court on February 23, 2017, the date that the plaintiff allegedly signed the original complaint. ECF No. 34 at 7-8. However, this Court agrees with the defendant that the plaintiff "is not entitled to have this Court apply the prisoner mailbox rule . . . to toll the applicable statute of limitations with respect to a pleading that was mistakenly mailed to the entirely wrong court system." ECF No. 36 at 6. The plaintiff had exclusive control over where he decided to mail his lawsuit and his mistake, or ignorance of the law is no excuse. Moreover, as the defendant correctly noted, even if the prison mailbox rule applies with respect to the complaint that the plaintiff mistakenly filed to state court, the statute of limitations would only be tolled for the 90-day period the plaintiff was actively pursuing administrative relief. Id. at 8. Without tolling, the statute of limitations ran on November 16, 2016. Id. Even if this Court added 90 days to extend the statute of limitations, it would still run prior to February 23, 2017. Id.

## IV. Conclusion

Based upon a de novo review, this Court declines to affirm and adopt the magistrate judge's report and recommendation (ECF No. 34) in its entirety. Thus, for the reasons stated above, the defendant's motion to dismiss (ECF No. 26) is GRANTED. It is

further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made or those that this Court otherwise determined <u>de novo</u>, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the <u>pro se</u> plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: September 18, 2018

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE